UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **BEASLEY MINISTRIES, INC.**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 1:25-cv-00579-HAB-ALT |
| | ) |
| **STACEY O'DAY**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## **OPINION AND ORDER**

On December 23, 2025, Defendants filed a motion to dismiss for failure to state a claim. (ECF 7). In response, on January 20, 2026, Plaintiffs filed a motion to amend/correct the complaint. (ECF 11). On January 29, 2026, Defendants filed a response to the motion to amend/correct the complaint arguing that amending would be futile because the amended complaint does not address all the issues raised in the motion to dismiss. (ECF 13).

Local Rule 7-1(d)(2) provides that a party must file a response to a motion under Fed. R. Civ. P. 12 within 21 days after the motion is served unless that party is entitled to and first files an amended pleading as a matter of course under Federal Rule of Civil Procedure 15(a)(1). Since Defendants filed their motion to dismiss on December 23, 2025, the deadline for Plaintiffs to respond or file an amended complaint as a matter of right under Federal Rule of Civil Procedure 15(a)(1), was January 13, 2026. (*See* ECF 7). However, Plaintiffs did not file their amended complaint by that date, so they must seek leave to amend the complaint under Federal Rule of Civil Procedure 15(a)(2).

Under Federal Rule of Civil Procedure 15(a)(2), a party must seek the Court's leave or the written consent of the opposing party when the moving party can no longer amend the

pleadings as a matter of right. Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave [to amend] when justice so requires," *id.*, and "the decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court," *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978) (citations omitted). "Courts are to use their discretion under Rule 15(a) to liberally grant permission to amend pleadings so long as there is not undue prejudice to the opposing party or undue delay, bad faith[,] or dilatory motive on the part of the movant." *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007) (citations omitted). However, "[l]eave to amend properly may be denied at the district court's discretion for…undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of amendment*, etc." *Adams v. N. Ind. Pub. Serv. Co.,* No. 2:10-CV-469, 2014 WL 4248230, at *2 (N.D. Ind. Aug. 27, 2014) (internal quotations omitted) (emphasis added).

Defendants object to the motion on the grounds of futility. (ECF 13 ¶ 8). They argue that because the allegations and statements in the amended complaint do not address all the issues raised in the motion to dismiss, Defendants would simply file another motion to dismiss on the same issues. (*Id.* ¶¶ 8-10). But Defendants also acknowledge that it is the Court's past preference to deal with these legal positions in a motion to dismiss, rather than through a futility argument such as this one. *See, e.g., Eminger v. City of Kendallville*, No. 1:24-cv-00444-HAB-ALT, 2025 WL 3267763, at *2 (N.D. Ind. Nov. 21, 2025) (declining to address defendants' futility argument in a motion to amend complaint, stating that defendants were free to file a dispositive motion to that effect). Indeed, it is this Court's view that Defendants' arguments in opposition to the motion to amend, "even if merited, remain better left for full briefing on a motion to dismiss." *Id.* at *2 (collecting cases); *see Chen v. Yellen*, No. 3:20-cv-50458, 2021 WL 5005373, at *3 (N.D. Ill. Oct. 28, 2021) ("[C]ourts around the country have found that futility arguments made in

opposition to the filing of an amended [pleading] are often better suited for consideration in the context of a motion to dismiss . . . .").

Given that "the [C]ourt should freely give leave when justice so requires" at the Court's discretion, under Rule 15(a)(2), Plaintiffs' motion to amend (ECF 11) is GRANTED. The clerk is directed to show the amended complaint (ECF 11-1) as filed in a separate docket entry. Defendants are afforded to and including February 18, 2026, to answer or otherwise respond to Plaintiffs' amended complaint. Defendants' motion to dismiss (ECF 7) is DENIED as moot.

SO ORDERED.

Entered this 3rd day of February 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge